UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN EDWIN RYE, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-cv-00962 ) Judge Trauger |
| BERRY TIDWELL, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM

John Edwin Rye, Jr., an inmate at Bledsoe County Correctional Complex in Pikeville, Tennessee,[1] filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper. (Doc. No. 2.) This case is before the court for initial review.

**I.   Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because the plaintiff cannot pay the full filing fee in advance (*see* Doc. No. 2 at 3), his application will be granted, and the $350.00 filing fee will be assessed against him. 28 U.S.C. § 1915(b).

**II.   Initial Review**

The court must review and dismiss the complaint is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. In doing so, the court must hold the complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

---

[1] Although the complaint lists the plaintiff's address as the Rutherford County Sheriff's Office (Doc. No. 1 at 1, 6), the plaintiff mailed the complaint from Bledsoe County Correctional Complex (BCCX). (*Id.* at 7.) A search of the Tennessee Felony Offender Information database confirms that the plaintiff is located at BCCX. *See* https://foil.app.tn.gov/foil/search.jsp (searched using TDOC #103889, the number listed on the mailing envelope) (last visited Jan. 9, 2023). The Clerk will be directed to update the plaintiff's address accordingly in the accompanying order.

### A. Allegations

The plaintiff alleges that, on November 6, 2021, he suffered a broken collarbone. (Doc. No. 1 at 5.) He was then "thrown in jail for 48 hours." (*Id.*) And on November 19, 2021, Rutherford County Circuit Court Judge Berry Tidwell ordered the plaintiff to complete eight hours of community service. (*Id.*) The plaintiff brings this case against Judge Tidwell and Elcindra Smith, an employee of the mental health court, seeking monetary damages. (*Id.* at 1–2, 6.)

### B. Legal Standard

On initial review, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

### C. Analysis

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation omitted).

The plaintiff fails to state a claim against both defendants. As to Judge Tidwell, "judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553–

54 (1967)). The doctrine of judicial immunity "is expansive, applying even when a party alleges that the judge acted maliciously or violated its constitutional rights." *HLV, LLC v. Van Buren Cnty.*, 775 F. App'x 204, 210 (6th Cir. 2019) (citing *Bright v. Gallia Cnty.*, 753 F.3d 639, 648–49 (6th Cir. 2014)). There are only two exceptions to this doctrine: where "liability aris[es] from non-judicial actions, say driving to and from work," and where a judge "act[s] in the complete absence of all jurisdiction." *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (internal citations and quotation marks omitted). Here, Judge Tidwell's alleged actions are judicial in nature, and the plaintiff does not allege that Judge Tidwell acted in the complete absence of jurisdiction. Accordingly, Judge Tidwell is entitled to absolute immunity from this suit.

Next, as to Elcindra Smith, the plaintiff does not make any factual allegations describing what Smith did to violate his constitutional rights. Indeed, aside from listing Smith as a defendant and requesting monetary damages from Smith (*see* Doc. No. 1 at 1–2, 6), the complaint does not mention Smith at all. Even under the liberal standards for pro se pleadings, that is not enough to state a claim for relief. *See Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) ("Even a pro se prisoner must link his allegations to material facts and indicate what each defendant did to violate his rights.") (citations omitted).

### III. Conclusion

For these reasons, the plaintiff will be granted pauper status and this case will be dismissed for failure to state a claim.

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge